UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| RICHARD ONDERS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 11-45-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KENTUCKY STATE UNIVERSITY, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Plaintiff Richard Onders' motion to remand. [Record No. 8] Onders argues that this case was not properly removable because Kentucky State University waived its right to seek removal when it filed a motion for summary judgment in Franklin Circuit Court. In the alternative, Onders contends that the Court should exercise its discretion by remanding the case because the amended complaint eliminated the federal claims that formed the basis for removal in the first place. The defendants argue that the Court should exercise its pendent jurisdiction over the state law claims due to Onders use of "manipulative tactics" in amending his complaint to eliminate the federal law claims. For the reasons stated below, the Court will remand this case back to the Franklin County Circuit Court.

**I.   Background**

Plaintiff Richard Onders filed suit against Kentucky State University ("KSU") in the Franklin County Circuit Court on November 10, 2009. [Record No. 1] His complaint alleged

-1-

that KSU discriminated against him on the basis of his age in violation of the Kentucky Civil Rights Act (KCRA) and the Federal Age Discrimination in Employment Act (ADEA). [*Id.*] The case was "actively litigated" and both parties engaged in discovery. [Record No. 8-1, p.1] On May 12, 2011, KSU moved for summary judgment. [Record No. 1-3, pp. 9-19] The motion was "fully briefed, argued to the Court on June 13, 2011," and submitted to the court for decision.[1] [*See* Record No. 8-1, p. 1; Record No. 1-3, pp. 47-60; and Record No. 1-4, pp. 18-19.]

The Franklin Circuit Court granted Onders motion for leave to file an amended complaint on June 22, 2011. [Record No. 1-4, p. 52] The amended complaint added Dr. Mary Sias, in her official capacity as President of KSU, and Dr. Harold Benson, in his official capacity as Director of the Land Grant Program, as defendants in the action. [*Id.*, pp. 57-61] The amended complaint did not set forth any new substantive claims. [*Id.*]

On July 22, 2011, Dr. Sias and Dr. Benson removed the case to this Court. [Record No. 1] KSU consented to the removal. [*Id.*, p. 3] On August 22, 2011, Onders filed this motion to remand, along with a motion for leave to file a second amended complaint. [Record No. 9] The Court granted the unopposed motion for leave to amend. [Record No. 20] The amended complaint, which contains only one claim for age discrimination under the KCRA, was filed on September 29, 2011. [Record No. 21, p. 2] The amended complaint also withdrew Onders' claims against Defendants Benson and Sias. As a result, these parties were removed from the action upon the filing of the amended complaint. Thus, the complaint that is currently before

---

[1] The motion was not decided in the Franklin Circuit Court before the case was removed. This Court denied the motion without prejudice on July 26, 2011. [Record No. 6]

the Court is essentially the same as that which was filed in Franklin Circuit Court at the initiation of the action.

## II. Standard for Remand

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it could have been brought initially in federal court. In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). A federal court has original jurisdiction over a federal question when the civil action "arises under" the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Whether a claim arises under federal law for purposes of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987). In this case, the Court had jurisdiction at the time of removal because the complaint contained claims which arose under a federal statute (the ADEA). [Record No. 1-4, pp. 57-60]

Although a district court must remand a case if it lacks subject matter jurisdiction, the court is not required to raise issues of timeliness or other procedural requirements *sua sponte*. *See, e.g.*, *May v. Johnson Controls, Inc*. 440 F. Supp. 2d 879, 881 (W.D. Tenn. 2006). Instead, the burden is on the non-removing party to raise these arguments within thirty days of the filing of the notice of removal. 28 U.S.C. § 1447(c); *see Grudzinski v. Staren*, 87 F. App'x 508, 512 (6th Cir. 2004) (noting that "untimely removal is a procedural rather than a jurisdictional

defect"). Once the non-removing party moves to remand based on a procedural defect, the statutory procedures for removal are to be strictly construed, and any doubts concerning jurisdiction should be resolved in favor of remand. *Sygenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Her Majesty the Queen in Right of Province of Ontario v. Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

**III. Analysis**

Onders argues that, even though there was federal question jurisdiction, this case was not properly removable. He maintains that "KSU evidenced a clear and unequivocal intent to waive its right to remove this case to federal court by engaging in substantial discovery and then by filing and arguing its motion for summary judgment" in Franklin Circuit Court. [Record No. 8-1, p. 6] As a result, he asserts, KSU was unable to effectively consent to the removal of this case.

**A. Waiver of the Right to Remove**

A defendant may waive the right to remove an action to federal court "by taking actions in state court, after it is apparent that the case is removable, that manifest the defendant's intent to have the case adjudicated in state court and abandon the right to a federal forum."[2] *Queen v. Dobson Power Line Constr. Co.*, 414 F. Supp. 2d 676, 678 (E.D. Ky. 2006). Actions that manifest the defendant's intent to adjudicate the matter in state court, include, for instance, filing

---

[2] This rule is intended to avoid the situation where a defendant attempts to "appeal" a state court's adverse decision on a dispositive motion. *See Bolivar Sand Co. v. Allied Equipment, Inc.*, 631 F. Supp. 171, 173 (W.D. Tenn. 1986). Therefore, this issue generally arises in situations where the defendant filed a dispositive motion, received an unfavorable decision from the state court, and then attempted to remove to federal court. However, this is only one of the possible circumstances in which a defendant might abandon his right to a federal forum through its actions in state court. *See Queen*, 414 F. Supp. 2d at 678.

"a permissive pleading seeking affirmative relief." *Bedell v. H.R.C., Ltd.*, 522 F. Supp. 732, 738 (E.D. Ky. 1981). In this case, KSU's filing of the summary judgment motion clearly manifested its intent to adjudicate its case in Franklin Circuit Court, even though the motion was not decided before removal. *See Air Starter Components, Inc. v. Molina*, 442 F. Supp. 2d 374, 379 (S.D. Tex. 2006) ("Because a motion for summary judgment seeks resolution of a case on its merits, a defendant who seeks summary judgment in state court affirmatively invokes the state court's jurisdiction and demonstrates a clear intent to have the state court proceed on the merits of the case."). Therefore, KSU waived its right to remove this action to federal court.

### B. KSU Could Not Properly Consent to Removal

The "rule of unanimity" requires that all properly-served or joined defendants consent to removal. *See Loftis v. United. Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003). Onders argues that because KSU waived its own right to remove, it was also barred from consenting to removal. [Record No. 8-1, p. 6] However, the defendants apparently contend that the Sixth Circuit's holding in *Brierly v. Alusuisse Flexible Packaging, Inc.* precludes that conclusion. [*See* Record No. 16, p. 2] This argument is misplaced.

In *Brierly*, the Sixth Circuit addressed the question of "whether, in cases with multiple defendants served at different times, the last-served defendant is allowed a full 30 days after being served to remove or, instead, only has 30 days from time the first defendant is served." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 532 (6th Cir. 1999). The court adopted the "Last-Served Defendant Rule," interpreting 28 U.S.C. § 1446(b) to provide that "a later-served defendant has 30 days from the date of service to remove a case to federal district

court . . ., with the consent of the remaining defendants." *Id.* at 533. Therefore, Dr. Sias and Dr. Benson timely filed the notice of removal in this case.[3]

The question remains, however, whether KSU properly consented to the removal. After adopting the rule described above, the Sixth Circuit went on to explain that "a first-served defendant can consent to a later-served defendant's removal petition, despite having already failed in its own efforts to remove." *Id.* at 533 n.3 ("[H]olding otherwise would vitiate the removal application of the later-served defendants and thereby nullify our holding that later-served defendants are entitled to 30 days to remove the case to district court."). In other words, an initial defendant's failure to remove an action within the proper time does not bar that defendant from consenting to a notice of removal brought by a later-served defendant.

According to the defendants, this rule would defeat Onders's assertion that KSU had waived the right to consent to Dr. Sias and Dr. Benson's notice of removal. However, Onders does not argue that KSU waived its right to consent to removal by failing to file its own notice of removal within thirty days of being served. This situation was addressed directly in *Brierly*, so an argument based on these facts would necessarily fail. *See id.* Rather, Onders's assertion

---

[3] Onders asserts that the facts of this case fall into an exception to the rule in *Brierly* because "Dr. Sias and Dr. Benson are closely aligned with KSU." [Record No. 8-1, pp. 6-7] He maintains that when a new defendant is "closely aligned with an existing one," the Court should decline to extend the initial 30-day period of removal, as would otherwise be required under *Brierly*. [Record No. 18, p. 18] However, as the defendants point out, all of the cases that Onders cites for this proposition either predate the decision in *Brierly* or are factually distinguishable from this case. *See Iulianelli v. Lionel, L.L.C.*, 183 F. Supp. 2d 962, 966 (E.D. Mich. 2002) (refusing to extend the 30-day period for removal where the later-served defendant was the corporate successor to the initial defendant and both entities had the same designated agent for service of process). However, because KSU's waiver of its right to remove also constitutes a waiver of the right to consent to removal, the Court need not determine whether the relationship between KSU, Dr. Sias, and Dr. Benson should render the notice of removal untimely.

is that KSU waived its right to consent through its affirmative actions in the state court proceeding. And that is an important distinction.

When a defendant waives its right to remove by manifesting its intent to have its case adjudicated in state court, it also waives its right to consent to a notice of removal brought by a co-defendant. *See, e.g.*, *Francis v. Rust-Oleum Corp.*, No. CV 10-07885 DDP, 2011 WL 1540343, at *2 (C.D. Cal. 2011) (holding that because the defendants "waived their right to remove by filing permissive cross-complaints in state court, they could not consent to [their co-defendant's] removal"). The question, therefore, is whether the rule still applies that voluntary waiver of the right to remove also serves as a waiver of the right to consent to removal, even when it is a later-served defendant who seeks to remove the case.[4] If all of the defendants in this case were served at the same time, KSU's decision to file a motion for summary judgment in the state court would have barred it from consenting to Dr. Sias and Dr. Benson's notice of removal. Thus it seems odd that a simple twist of fate could open up a loophole that would allow KSU to "take back" its original decision to proceed in state court. Moreover, nothing in *Brierly* compels the conclusion that a defendant who voluntarily waived its right to remove — rather than one who simply "failed in its own efforts to remove" — should be granted a second bite at the apple just because a new defendant has been added. *Brierly*, 184 F.3d at 533 n.3. Finally, the principles of fairness underlying the decision in *Brierly* do not contradict this conclusion because

---

[4] The only case in this circuit to confront this issue found that waiver had not occurred in the first place because the defendant's actions were intended only to "maintain the status quo." *Whitten v. Michelin Americas Research & Dev. Corp.*, 2006 WL 1645833, at *3 (W.D. Tenn. June 8, 2006). As a result, the court did not address whether a later-served defendant can be barred from removal because his co-defendant proceeded with the case in state court before he was joined.
-7-

the inability to remove due to a co-defendant's earlier voluntary waiver is the functional equivalent of that co-defendant simply refusing to consent to removal, which is its prerogative. Therefore, KSU is barred from consenting to removal. In short, KSU waived the right to remove when it manifested an intent to adjudicate the matter in state court. As a result, its attempted consent to the removal is insufficient to meet the procedural requirements for removal. The notice of removal violates the "rule of unanimity" and, therefore, is defective.

### C. The Balance of Factors Supports Remand

Finally, even if the removal in this case had no procedural defects, remand would still be warranted. As a general rule, if the federal claims that formed the basis for federal question jurisdiction are dismissed before trial, then "the state claims should be dismissed as well." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). However, dismissal is a matter of the Court's discretion. *Id.* ("Dismissal is not mandatory."). In exercising its discretion, the district court must "consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Id.* at 211 (quoting *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993)). Additionally, if the "plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

The balance of these factors supports remand in this case. In all likelihood, Onders' second amended complaint was an attempt to manipulate the forum. On the other hand,

however, the Court must consider the extent of the discovery conducted at the state court level and the short time that the case has been pending in federal court. Additionally, retaining a case would likely require the Court to decide matters of state law which are best resolved in the state forum. Therefore, after considering the "values of judicial economy, convenience, fairness, and comity," the Court finds that remand is appropriate. *Cohill*, 484 U.S. at 350.

### D. Court Costs and Attorney's Fees

Having concluded that remand is appropriate, the Court must determine whether costs and attorney fees are warranted under the circumstances presented. Title 28, section 1447(c), of the United States Code provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of attorney fees in connection with a motion under 28 U.S.C. § 1447(c) "is within the sound discretion of the district court." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007); *Bartholomew v. Town of Collierville*, 409 F.3d 684, 686 (6th Cir. 2005).

In determining whether fees should be awarded in a given case, the Supreme Court has explained that,

> the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). Here, although the removal of this case was procedurally flawed, the Court is unable to conclude that the basis

was unreasonable. Accordingly, the plaintiff's request for court costs and attorney fees will be denied. [Record No. 8-1, p. 13]

**IV.** **Conclusion**

Due to its active participation in the Franklin Circuit Court proceedings, KSU waived the right to consent to removal of this action. And while the later-served defendants filed the notice of removal within 30 days of being named as parties, the rule of unanimity bars removal. Accordingly, it is hereby

**ORDERED** as follows:

(1) The plaintiff's motion to remand this matter to the Franklin Circuit Court [Record No. 8] is **GRANTED**.

(2) The plaintiff's request for court costs and attorney's fees is **DENIED**.

(3) This matter is **REMANDED** to the docket of the Franklin Circuit Court.

This 1st day of December, 2011.

